United States Bankruptcy Court
Southern District of Texas

**ENTERED**
December 05, 2023
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO: 23-20032 |
| JAMES MOSER, § | |
| § | CHAPTER 13 |
| Debtor. § | |
| § | |
| KEVIN M. EPSTEIN, AS § | |
| UNITED STATES TRUSTEE § | |
| FOR REGION 7, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | ADVERSARY NO. 23-2006 |
| § | |
| JESCAR DENNO, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

CA Enterprises challenges whether venue of this adversary proceeding is proper in the United States Bankruptcy Court for the Southern District of Texas. The United States Trustee has demonstrated that venue in this Court is proper. The challenge is denied.

The parties have briefed whether 28 U.S.C. § 1409(b) is applicable to this adversary proceeding. If it applies, then this District is not an appropriate venue. Otherwise, no venue challenge is raised.

By its terms, § 1409 only applies to an adversary proceeding brought by "a trustee in a case under title 11." The trustee in this case is Chapter 13 Trustee Yvonne Valdez. However, this adversary proceeding was brought by the United States Trustee. CA Enterprises alleges that this is a semantic distinction without a difference. It relies

on two cases. The first, written before the adoption of § 1409(b), does not define the meaning of a "trustee in a case." *In re Cont'l Air Lines, Inc.*, 61 B.R. 758, 770 (S.D. Tex. 1986). It is not helpful. The second does not even deal with the issue for which it is cited. *In re J & J Chem., Inc.*, 596 B.R. 704 (Bankr. D. Idaho 2019). J&J deals with a chapter 11 trustee, not the United States Trustee.

Because §1409(b) is inapplicable, the challenge to venue is denied.

SIGNED 12/05/2023

                                        Marvin Isgur
                            United States Bankruptcy Judge